UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JASON SHADLE,

    Petitioner,

        v.                                                    Case No. 16-cv-00203-JPG

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Jason Shadle's Motion (Doc. 1) to Vacate, Set Aside or Correct his sentence pursuant to 28 U.S.C. § 2255.

On October 22, 2014, Jason Shadle plead guilty to one count of conspiracy to manufacture methamphetamine, two counts of possession of equipment, chemicals, products or materials used to manufacture methamphetamine, and one count of possession of pseudoephedrine knowing it would be used to manufacture methamphetamine. He was sentenced on February 12, 2015, to custody of the Bureau of Prisons for 216 months on count 1 and 120 months on counts 2, 3 and 4. All counts to run concurrent with each other. He was further sentenced to 4 years of supervised release and a fine of $200.00. *See USA v. Shadle,* 14-cr-40055-JPG.

Petitioner filed his 28 U.S.C. § 2255 Petition on February 26, 2016, alleging ineffective assistance of counsel in that counsel failed:

1.     To conduct an adequate and independent pretrial investigation;
2.     To communicate with Shadle and inform him of the relevant circumstances and likely consequences of pleading guilty as opposed to proceeding to trial;
3.     To negotiate a favorable plea agreement;

    4.       To review, discuss, and explain the PSR;

    5.       To file objections to the PSR;

    6.       To argue for mitigation of punishment; and

    7.       To file an appeal.

Other than a general statement that his counsel failed to conduct an "adequate and independent pretrial investigation," the petitioner does not give any factual information that an independent pretrial investigation was required. Was there information – such as an alibi or witnesses –that may have affected the outcome of a trial that petitioner informed his counsel of and then his counsel failed to take action? The Court can only guess as the general statement does not provide enough information.

With regard to the allegations pertaining to his plea of guilty, the Court notes that Petitioner testified at his change of plea that he had discussed the allegations with his counsel and was satisfied with the representation of his counsel. According the minutes of petitioner's change of plea, the government did not offer a plea agreement. The Court explained the Petitioner's rights to proceed to trial at his plea hearing and the Petitioner indicated that he desired to plead guilty. He did not give the Court any indication that he did not understand his right to trial; that his counsel had failed to discuss his right to proceed to trial; or that he did not desire to plead guilty without a plea agreement. Statements a defendant made during a plea colloquy are presumed to be true. *United States v. Chavers*, 515 F.3d 772, 724 (7th Cir. 2008). Again, general statements do not explain why the statements made at petitioner's plea colloquy should not be taken as true.

Next, a review of the docket indicates that petitioner's counsel did file objections and a supplement to the objections, to the PSR. The Court also inquired at sentencing whether Petitioner reviewed the PSR with his attorney to which the petitioner indicated that he had and was satisfied with the advice of his counsel. Petitioner's counsel also provided the Court with letters on the Petitioner's behalf and both the petitioner and his counsel were provided an opportunity to add factors in mitigation before sentencing. Again, general statements do not provide the Court with the necessary information. Was there additional letters, circumstances, and/or mitigating facts that the petitioner provided to his counsel who then failed to present to the Court?

Finally, the main point of concern for the Court is whether petitioner's counsel failed to file an appeal. An attorney's failure to file a notice of appeal when requested to do so falls below objective standards for reasonably effective representation and is a *per se* violation of the petitioner's Sixth Amendment right to counsel. *United States v. Nagib*, 56 F.3d 798, (7th Cir. 1995), *Castellanos v. United States*, 26 F.3d 717, 719 (7th Cir. 1994). However, petitioner does not indicate that he requested an appeal be filed. How and when such a request was made is relevant to the determination of this petition.

Therefore, the Court **ORDERS** the Petitioner to file a supplement to his petition (Doc. 1) by **March 30th, 2016.** The supplement shall include factual allegations that address the issues indicated above. Petitioner is **WARNED** that failure to provide the supplemental information in the time provided will result in the dismissal of this matter.

**IT IS SO ORDERED.**

DATED:   3/1/2016

                                        *s/J. Phil Gilbert*
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**