UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JASON L. SHADLE,

    Petitioner,

        v.                          Case No. 16-cv-00203-JPG

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM AND ORDER**

    This matter comes before the Court on petitioner Jason L. Shadle's Motion (Doc. 26) for Leave to Supplement/Amend his § 2255 petition based on *Mathis v. United States*, 136 S.Ct. 2243 (2016) (holding that the "application of ACCA involves, and involves only, comparing elements. Courts must ask whether the crime of conviction is the same as, or narrower than, the relevant generic offense.")   The government filed a timely response (Doc. 27) in opposition.

    Because the time for amendment as a matter of right has passed, whether the petitioner should be allowed to amend his complaint is governed by Federal Rule of Civil Procedure 15(a)(2).  Rule 15(a)(2) provides that pleadings may be amend only with the opposing parties' written consent, which the petitioner has not obtained, or leave of court, which the Court should freely give when justice requires.  A court should allow amendment of a pleading except where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment.  *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citing *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d

663, 666 (7th Cir. 2007)).   An amendment is futile if it would not survive a motion to dismiss for failure to state a claim, *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997), or a motion for summary judgment, *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 860 (7th Cir. 2001).

The government argues that the amended claim is time barred.   A petitioner seeking relief under § 2255 must file his motion within the one-year statute of limitations set forth in § 2255(f). Prisoners used to be able to file motions under § 2255 at any time during their sentences.   However, on April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, tit. I, § 106 (codified at 28 U.S.C. §§ 2244(a) & (b), 2255(f)), which added a one-year limitations period for a motion attacking a sentence.   The one-year limitations period runs from the latest of four events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

There is no question that petitioner's original pleading was timely filed; however, the AEDPA does not address amendments to a § 2255 motion.   Therefore, the Court must look to the Federal Rules of Civil Procedure with regard to leave to amend.   The Seventh Circuit has held that:

> This rule [FRCP 15(a)] provides that even after the defendant has filed an answer, and the plaintiff's absolute right to amend has lapsed, the court still should grant

> leave "freely ... when justice so requires." No one supposes that an amendment to the complaint in pending civil litigation violates principles of claim preclusion (res judicata), even though an identical claim raised in a separate suit would be precluded. Just so with amendments and the AEDPA. A prisoner receives one complete round of litigation, which as in other civil suits includes the opportunity to amend a pleading *before* judgment.

*Johnson v. U.S.*, 196 F.3d 802, 805 (7th Cir. 1999)(italic added).

Here, it is the government's position that petitioner's amendment does not assert, "a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading" and is thus time-barred. Fed. R. Civ.P. 15(b). However, petitioner did allege in his initial petition that his counsel was ineffective for failing to file objections to the presentencing report's determination that he was a career offender and the holding in the *Mathis* case does involve the statutory application of the ACCA.

Respondent also cites to *Rodriguez v. United States of America*, 286 F.3d 972 (7th Cir. 2002) as controlling in this matter, however, the petitioner in that matter attempted to amend *after* a judgment was entered. "[T]he time to amend the petition expires once the district court makes its decision. Final judgment marks a terminal point. P*hillips v. U.S.*, 668 F.3d 433, 435 (7th Cir. 2012), *as amended on denial of reh'g and reh'g en banc* (Feb. 21, 2012). Although fully briefed, no judgment or ruling with regard to the petitioner's original § 2255 has been entered by the Court.

Finally, Federal Rule of Civil Procedure 15(d) allows that the Court, "may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."

It is clear that amendment should be allow unless undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the

amendment. Although the respondent notes that this matter is fully briefed, there is no indication of undue delay, bad faith, dilatory motive, failure to cure previous deficiencies and/or undue prejudice to the government. The only element which remains is whether such amendment would be futile.

Petitioner cites to two prior convictions which he argues would be impacted by *Mathis*: 1) an attempt to manufacture in Effingham County (02-CF-83) and 2) a "2000 Attempt" in Jasper County, Illinois. However, in the Effingham case, petitioner was convicted of possession of methamphetamine – not attempt - and the Court could not locate a "2000 Attempt" charge in Jasper County. The only convictions in Jasper County were for harassment by telephone (11-CM-83) and criminal trespass to a residence (12-CF-11). Even if there was an attempt charge that could be reevaluated under *Mathis,* petitioner would still have qualified as a career offender due to two or more felony drug convictions (00-CF-75)(03-CF-2813)(05-CM-164). Therefore, the amendment petitioner is requesting based on *Mathis* would be futile.

Based on the foregoing, petitioner Jason L. Shadle's Motion (Doc. 26) for Leave to Supplement/Amend his § 2255 petition is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** 2/15/2017

              *s/J. Phil Gilbert*
              **J. PHIL GILBERT**
              **U.S. DISTRICT JUDGE**