UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JASON L. SHADLE,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

Civil Case No. 3:16-cv-00203-JPG
---
Criminal Case No. 4:14-cr-40055-JPG-1

## MEMORANDUM & ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

    This matter comes before the Court on petitioner Jason L. Shadle's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) In 2014, the Government charged the petitioner with conspiracy to manufacture methamphetamine (Count I), two counts of possession of equipment, chemicals, products, or materials used to manufacture methamphetamine (Counts II–III), and possession of pseudoephedrine knowing it would be used to manufacture methamphetamine (Count IV). The petitioner pled guilty to all four counts in an open plea in front of this Court on October 22, 2014. In February 2015, this Court sentenced petitioner to a term of 216 months on Count I and 120 months on Counts II–IV, all to run concurrently, with a four-year term of supervised release following the prison sentence. The Court also ordered petitioner to pay a fine of $200.00 and a special assessment of $400.00. Petitioner did not appeal his conviction.

    In his § 2255 motion, timely filed on February 26, 2016, the petitioner raises the following claims of ineffective assistance of counsel in violation of his Sixth Amendment rights:

> **Ground 1:** Pretrial counsel's failure to (1) conduct an adequate and independent pretrial investigation; (2) communicate with Shadle and inform him of the relevant circumstances and likely

1

> consequences of pleading guilty as opposed to proceeding to trial; and (3) attempt to negotiate a favorable plea agreement [which] deprived Shadle of effective assistance of pretrial counsel under the Sixth Amendment to the Constitution of the United States.
>
> **Ground 2:** Sentencing counsel's failure to (1) review, discuss, and explain the PSR with Shadle prior to the sentencing hearing; (2) file objections to the PSR; (3) argue for mitigation of punishment; and (4) file a fair notice of appeal [that] deprived him of effective assistance of counsel, a fair and just sentence, and a fair and meaningful appellate review.

(Doc. 1.) The Court directed the petitioner to supplement his § 2255 petition with an additional memorandum because many of his claims were vague. (Doc. 2.) On March 29, 2016, the petitioner filed his memorandum and the Court directed the government to respond. (Docs. 3, 4.) The Government filed its initial response (Doc. 9) and the Court held a hearing on the issue of whether counsel failed to appeal on August 8, 2016. Petitioner appeared by video conference and his former counsel, John R. Clemons, testified. After hearing the testimony and arguments, the Court found that petitioner did not request an appeal, but reserved ruling on the remaining issues in petitioner's motion. On November 18, 2016, and at the Court's leave, the Government filed a response to the remaining matters in petitioner's motion. (Doc. 24.) All of the claims have been fully briefed and the Court finds that an additional hearing is not warranted.

## I. § 2255 STANDARD

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[r]elief under § 2255 is only available 'in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice.'" *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (quoting *Blake v. United States,* 723 F.3d 870, 878-79 (7th Cir. 2013)). It is proper to deny a § 2255

motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009).

Shadle's arguments for § 2255 relief all allege that his counsel was constitutionally ineffective in numerous ways in violation of his Sixth Amendment rights. The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This right to assistance of counsel encompasses the right to *effective* assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970) (emphasis added); *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009). A party claiming ineffective assistance of counsel bears the burden of showing (1) that his counsel's performance fell below objective standards for reasonably effective representation, and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011); *Wyatt v. United States*, 574 F.3d 455, 457 (7th Cir. 2009); *Fountain v. United States*, 211 F.3d 429, 434 (7th Cir. 2000).

To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt*, 574 F.3d at 458. The Court must then consider whether, in light of all of the circumstances, counsel's performance was outside the wide range of professionally competent assistance. *Id.* The Court's review of counsel's performance must be "highly deferential . . . indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689; *accord Wyatt*, 574 F.3d at 458. Counsel's performance must be evaluated keeping in mind that an attorney's trial strategies are a matter of professional judgment and often turn on facts not contained in the

trial record. *Strickland*, 466 U.S. at 689. The Court cannot become a "Monday morning quarterback." *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990).

To satisfy the second prong of the *Strickland* test, the plaintiff must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceedings would have been different, such that the proceedings were fundamentally unfair or unreliable. *Jones*, 635 F.3d at 915; *Fountain*, 211 F.3d at 434; *Adams v. Bertrand*, 453 F.3d 428, 435 (7th Cir. 2006). "A reasonable probability is defined as one that is sufficient to undermine confidence in an outcome." *Adams*, 453 F.3d at 435 (citing *Strickland*, 466 U.S. at 694).

In a case where a petitioner pled guilty as a result of alleged ineffective assistance of counsel, there is an additional inquiry. To satisfy the first prong of the *Strickland* test in this scenario, the petitioner must show that his counsel's advice leading to the plea was outside the range of professionally competent assistance. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985) (citing *McMann*, 397 U.S. at 771); (*Tollett v. Henderson*, 411 U.S. 258, 267 (1973)). To satisfy the second *Strickland* prong, he must show that there is a reasonable probability that but for his counsel's deficient performance, he would not have entered a guilty plea and instead would have gone to trial. *Hill*, 474 U.S. at 58; *United States v. Parker*, 609 F.3d 891, 894 (7th Cir. 2010); *Wyatt*, 574 F.3d at 458 (7th Cir. 2009); *Richardson v. United States*, 379 F.3d 485, 487 (7th Cir. 2004). Counsel's deficient performance must have been a decisive factor in the defendant's decision to enter a guilty plea. *Wyatt*, 574 F.3d at 458; *see Julian v. Bartley*, 495 F.3d 487, 498 (7th Cir. 2007). To make such a showing, the petitioner must present objective evidence that he would not have entered a guilty plea; his own self-serving testimony that he would have insisted on going to trial is not enough. *Koons v. United States*, 639 F.3d 348, 351 (7th Cir. 2011); *McCleese v. United States*, 75 F.3d 1174, 1179 (7th Cir. 1996) (citing *Toro v. Fairman*, 940 F.2d

1065, 1068 (7th Cir. 1991)); *see Wyatt*, 574 F.3d at 458 (stating "a defendant's mere allegation that he would have chosen a path other than the conditional plea is insufficient by itself to establish prejudice."). Similarly, when a § 2255 petitioner faults his attorney for failing to object or present evidence at sentencing, he bears the burden of demonstrating what evidence the attorney should have presented and that the presentation of such evidence had a reasonable probability of changing the result. *Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005); *Berkey v. United States*, 318 F.3d 768, 774 (7th Cir. 2003).

## II. ANALYSIS

### A. Ground 1

In Ground 1, petitioner challenges his counsel's effectiveness in connection to a variety of pretrial matters: failure to conduct an adequate pretrial investigation; failure to communicate with petitioner and inform him of the consequences of pleading guilty as opposed to going to trial; and failure to negotiate a favorable plea agreement. All of petitioner's arguments are without merit and/or frivolous.

To start, Shadle has made no showing that his attorney failed to conduct an adequate and independent pretrial investigation. In fact, the record shows otherwise. This Court asked Shadle at the change of plea hearing whether he was satisfied with his attorney. Shadle answered under oath that he was:

> **THE COURT**: Are you fully satisfied with the counsel, representation, and advice given to you in this case by Mr. Clemons, your attorney?
>
> **DEFENDANT SHADLE**: Yes, sir.

(Gov.'s Resp. Ex. 5, at 4:12–15). The Court will not presume that petitioner Shadle was lying while he was under oath.

In a related vein, Shadle's claims that his counsel failed to file a number of pretrial motions: including a motion for violation of his speedy trial rights; a motion for discovery; a "Request for Rule 404(b) of the Federal Rules of Evidence [Material]"; a motion for Brady/Giglio material; a motion to compel agents to preserve rough notes; a motion for identity of confidential informants ("CI") "and for equal access to for purposes of interview"; a "motion to dismiss for want of sufficiency"; a motion for change of venue; a motion to suppress evidence; a motion to obtain the Grand Jury testimony, and a motion for a mental evaluation pursuant to 18 U.S.C.§ 4241. (Doc. 3, pp. 19–20.)

But Shadle has made no showing that his counsel's failure to file any of these motions prejudiced Shadle in any way, or was outside the wide range of professionally competent assistance that an attorney should have provided him. For example, a motion for violation of Shadle's speedy trial rights would have been frivolous because the speedy trial clock in this case only ran for 55 days—over two weeks before the 70-day limit provided by the Speedy Trial Act. 18 U.S.C. § 3161(c)(1). Further, a party should only file a Federal Rule of Evidence Rule 404(b) motion in anticipation of trial—but Shadle pled guilty in this case. And perhaps the most plainly frivolous motion here is Shadle's desired "motion for discovery": such a motion would have been completely unnecessary when the Court already had issued a pretrial order on discovery. The Court has reviewed the rest of petitioner's proposed motions and finds them to all be without merit.

Third, Shadle appears to have either misrepresented or forgotten when his counsel communicated with him. Shadle claims that first time he saw Mr. Clemons was three months after this Court appointed Mr. Clemons to his case. (Doc. 3, pp. 19.) This cannot be true. This Court appointed Mr. Clemons on August 15, 2014. (Doc. 27.) Mr. Clemons filed his notice of

appearance on August 18, 2014. (Doc. 26.) Just ten days later, Mr. Clemons filed a motion to continue that states "[b]ased upon the fact that I have only recently been appointed, **have had only one conference with the client**, and have not received any discovery from Mr. Capps or the government at this point. [sic] The defendant is not ready to proceed and would be prejudiced to have to go forward." (Doc. 28, ¶ 4) (emphasis added). Meeting your attorney for the first time within ten days of this Court appointing him is far sooner than meeting him for the first time within three months. More pointedly, Shadle's three-month claim is impossible given the fact that he pled guilty two months after this Court appointed Mr. Clemons. (Doc. 30.)

Finally, and perhaps most strikingly, Shadle requests that his "conviction and sentence should be vacated so that he may plea anew." (Doc. 3, pp. 26.) The Court is puzzled by Shadle's proposal because—under *Strickland*—he must show that there is a reasonable probability that but for his counsel's deficient performance, he would not have entered a guilty plea and instead would have gone to trial. *Hill*, 474 U.S. at 58; *Parker*, 609 F.3d at 894 (7th Cir. 2010); *Wyatt*, 574 F.3d at 458 (7th Cir. 2009); *Richardson*, 379 F.3d at 487 (7th Cir. 2004). But Shadle himself has claimed that he wants to "plea anew" rather than go to trial. (Doc. 3, pp. 26.) Shadle has fallen on his own sword with regards to Ground 1.

### B. Ground 2

In Ground 2, Shadle challenges his counsel's effectiveness in a variety of ways related to his sentencing hearing: specifically, failures to (1) review, discuss, and explain the PSR with Shadle prior to the sentencing hearing; (2) file objections to the PSR; and (3) argue for mitigation of punishment. These allegations are completely without merit. First, Shadle stated under oath that his attorney reviewed, discussed, and explained the PSR with him prior to the sentencing hearing. Mr. Clemons also testified that Shadle indicated he had no objections to the PSR:

7

> **THE COURT**: Let the record show that the Defendant, Jason Shadle, is present in court with counsel, Mr. Clemons. Mr. Norwood is present on behalf of the Government. This matter comes before this Court for sentencing. Mr. Shadle, will you please stand? A written presentence report has been prepared by Probation to assist me in sentencing you. Have you received a copy of that report?
>
> **DEFENDANT SHADLE**: Yes, sir.
>
> **THE COURT**: Have you had an opportunity to read it?
>
> **DEFENDANT SHADLE**: Yes, sir.
>
> **THE COURT**: Are there any errors, corrections, alterations or additions to the report which you wish to make to it?
>
> **DEFENDANT SHADLE**: No, sir.
>
> **THE COURT**: Mr. Clemons, does the Defendant have any objections to the report at this time that would affect advisory guideline range?
>
> **MR. CLEMONS**: No, Your Honor, we haven't filed any objections, and he has indicated to me he has none to the report.

(Gov.'s Resp. Ex. 12, at 2:10–3:5). As before, the Court will not assume that Shadle was lying.

Moreover, the record indicates that Mr. Clemons did in-fact argue for a mitigation of punishment: he filed a document titled "Defendant's Sentencing Memorandum And Request For Below Guideline Sentence" which discussed at-length Shadle's abuse as a child and drug problems. (Doc. 24, Ex. 11.) And at the sentencing hearing, Mr. Clemons repeated these same arguments. (Doc. 24, Ex. 12, at 10:23–14:17.) Accordingly, the Court is quite puzzled with Shadle's contention that "Clemons failed to bring to the Court's attention Shadle's abuse as a child and later his drug addiction [with regard to the 18 U.S.C. § 3553(a) sentencing factors]". (Doc. 3, pp. 27.) Once again, his argument is wholly without merit.

### III. CERTIFICATE OF APPEALABILITY

Having denied the petitioner's motion, the Court must grant or deny a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts; 28 U.S.C. § 2253(c). Section 2253(c)(2) provides that a certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. The petitioner has made no such showing. Therefore, the Court declines to issue a certificate of appealability. Pursuant to Rule 11(a), the petitioner may not appeal the denial of a certificate of appealability, but he may seek a certificate from the Court of Appeals for the Seventh Circuit.

## CONCLUSION

Accordingly, the Court:

- **DENIES** the petitioner's § 2255 motion (Doc. 1);
- **DISMISSES** this action;
- **DECLINES** to issue a certificate of appealability; and
- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: NOVEMBER 30, 2017**

> **s/ *J. Phil Gilbert***
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**