# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JASON L. SHADLE,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Civil Case No. 3:16-cv-00203-JPG<br>---<br>Criminal Case No. 4:14-cr-40055-JPG-1 |

## MEMORANDUM & ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

This matter comes before the Court on plaintiff Jason L. Shadle's Motion for Reconsideration. (Doc. 37.) In his motion, Shadle claims that the Court erred when it denied his motion to amend his § 2255 petition to add an additional argument based on *Mathis v. United States*, 136 S.Ct. 2243 (2016). (Doc. 29.)

Shadle indicates that he is bringing his motion under Federal Rule of Civil Procedure 59(e), though it functionally is a motion under Rule 60(b). A post-judgment motion such as a Rule 60(b) motion that advances a new "claim"—a new ground for relief from a conviction, or an attack on the Court's prior resolution of a ground for relief on the merits—is a successive petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (habeas context); *see United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005) (considering post-judgment Rule 6(e) motion). However, a Rule 60(b) motion that does not assert or reassert claims of error in the conviction and instead points to a defect in the integrity of the § 2255 proceedings is not a successive petition. *Gonzalez*, 545 U.S. at 532; *see Scott*, 414 F.3d at 816. Generally, decisions to deny a habeas petition based on the failure to exhaust state remedies, procedural default, or the statute of limitations are not decisions on the merits and may be attacked in a Rule 60(b) motion without

1

amounting to a successive petition. *Gonzalez*, 545 U.S. at 532 n. 4. Similarly, a Rule 60(b) or Rule 60(d)(3) motion attacking a § 2255 denial that occurred as the result of fraud on the Court does not amount to a successive petition. *Gonzalez*, 545 U.S. at 533 n. 5.

Shadle's pending motion reasserts his *Mathis* claim—which the Court has already denied on the merits as being futile—and is therefore a successive petition under *Gonzalez*. In order for this Court to consider a successive petition, the Seventh Circuit Court of Appeals must certify the successive petition pursuant to 28 U.S.C. § 2255(h). *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). The Court of Appeals has not made such a certification here. Therefore, the Court does not have jurisdiction to consider Shadle's motion (Doc. 37) and **DISMISSES** it for lack of jurisdiction.

**IT IS SO ORDERED.**

**DATED: JANUARY 9, 2018**

s/ <u>*J. Phil Gilbert*</u><br>
**J. PHIL GILBERT**<br>
**DISTRICT JUDGE**