UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JASON L. SHADLE,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 16-cr-203-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on Petitioner Jason L. Shadle's ("Petitioner" or "Shadle") Motion to Correct Clerical Mistake. (Doc. 60). This case was brought forth on Shadle's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 1). Like the other motions in this habeas case, this Court must dismiss this motion.

On February 26, 2016, Petitioner previously filed a § 2255 motion that raised ineffective assistance of counsel claims and the impropriety of the Court's career offender determination. (Doc. 1). The Court denied that petition. (Doc. 30). Petitioner then filed a Rule 59(e) motion that the Court found was functionally a successive habeas petition requiring a certificate of appealability. (Doc. 39). United States Court of Appeals for the Seventh Circuit denied Petitioner's request for a certificate of appealability. (Doc. 45). Then, Petitioner challenged the sentence by classifying his collateral attack as a Rule 60(b) motion that the Court dismissed as an impermissible attempt to circumvent restrictions placed on successive 2255 petitions on September 23, 2019 (Doc. 49). The Court, in a footnote, stated that the caption contained a typographical error that Petitioner is seeking relief under Rule 60(b)(1) not Rule 60(b)(6).

In the instant motion Petitioner is asking the Court to revisit the September 23, 2019 ruling.

Specifically, Petitioner is stating that his "sentence resulted in error of constitutional maditude [sic] resentence minus a career offender designation or reopen for relief is appropriate." (Doc. 60). Specifically, the Petitioner wants the Court to clarify the record that Petitioner be given an opportunity to review his claim under Rule 60(b)(6) that allows a Court to relieve a party from final judgment for "any other reason that justifies relief."

On September 23, 2019, the Court denied the Rule 60(b) motion as an impermissible attempt to circumvent the rule against successive 2255 petitions. "Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover. . . . Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference.  It is substance that controls." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (internal citation omitted). Therefore, Petitioner's request to resentence minus the career offender designation under both a Rule 60(b)(1) or a Rule 60(b)(6).

For these reasons, the Court DENIES Petitioner's Motion to Correct Clerical Mistakes (Doc. 60).

**IT IS SO ORDERED.**
**Dated: November 15, 2022**

/s/  J. Phil Gilbert
J. PHIL GILBERT
DISTRICT JUDGE